UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 21-10008-CR-MARTINEZ

UNITED STATES OF AMERICA

    Plaintiff,
vs.

MYKHAYLO CHUGAY,

    Defendant.
_____/

### ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE

**THIS CAUSE** comes before the Court upon the Government's Motion in Limine to preclude Defendant Chugay's Anticipated Arguments at Trial ("Motion"). (ECF No. 142). The Government moves to exclude certain arguments it anticipates Defendant will make to the jury at trial: (1) seeking jury nullification; (2) claiming selective prosecution; (3) raising criminal penalties or alternative charges; and (4) asking the jury to engage in statutory interpretation. Defendant opposes this request. (ECF No. 145). After careful consideration, the Government's Motion is **GRANTED**.

    **I. Jury Nullification**

The Government first argues that Defendant should be precluded from raising arguments designed to encourage jury nullification, including by suggesting that his conduct was prompted by sympathy for immigrants or arguing about the United States' immigration policies. In particular, the Government seeks to exclude arguments that "[Defendant] was acting charitably to help poor immigrants feed their families[,]" "whether the United States' immigration policies are unjust, unfair, or overly restrictive[,]" and "whether the people of Key West have agreed to

1

alternative immigration policies." (ECF No. 142 at 4). Defendant responds that precluding him from arguing that his motive was to help poor immigrants is a violation of due process, because if he can show that he had a motive other than commercial advantage or private financial gain, he will not be criminally liable under 8 U.S.C. § 1324(a)(1)(A)(iii). (*See* ECF No. 145 at 4–5).

The Eleventh Circuit has repeatedly disapproved of jury nullification. *United States v. Joseph*, 567 F. App'x. 844, 849 (11th Cir. 2014). A defendant who argues for jury nullification wants the jury "to refuse to apply the law as instructed by the court," even though the "exercise of such power is in dereliction of the jury's sworn duty." *Joseph*, 567 F. App'x. at 846 n.1 (quoting *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998)). Because a jury has no right to nullify criminal laws, and a defendant has no right to a nullification instruction or argument, "the potential for nullification is no basis for admitting otherwise irrelevant evidence." *Funches*, 135 F.3d at 1409.

Defendant does not contest that he is precluded from arguing that the United States' immigration policies are unjust or that the people of Key West have agreed to different immigration policies. (*See* ECF No. 145 at 4). He argues, however, that he is entitled to introduce evidence that his motive was to help poor immigrants because such evidence presents an alternative motive for his conduct, other than commercial or financial gain, which he contends is an element of 8 U.S.C. § 1324(a)(1)(A)(iii). To begin with, Defendant is not being charged with Section 1324(a)(1)(A)(iii); rather, he is charged with conspiracy to harbor aliens and induce them to remain in violation of Section 1324(a)(1)(A)(v)(I). Additional proof of commercial or financial gain is an aggravating factor of Section 1324(a)(1)(A)(iii), but not under Section 1324(a)(1)(A)(v)(I). *See United States v. De La Cruz Suarez*, 601 F.3d 1202, 1222–23 (11th Cir. 2010) (holding that a conviction under 8 U.S.C. § 1324(a)(1)(A)(v)(I) "does not carry the added

burden of 'commercial or private financial gain' to reach the ten-year statutory maximum"). Any argument pertaining to Defendant's claimed motive to help immigrants is therefore irrelevant to the charged offenses and could only serve to invoke sympathy from the jury. *See Joseph*, 567 F. App'x at 849 (holding that a defendant is restricted to "legally tenable" arguments). Thus, the Government's Motion in Limine to preclude Defendant from seeking jury nullification is granted.

## II. Selective Prosecution

Next, the Government asks the Court to preclude Defendant from challenging the Government's charging decisions by claiming selective prosecution. Defendant does not dispute that selective prosecution is a matter for the Court to decide, not the jury. Yet, he insists that he should be able to argue that he "is not liable because some other person is also liable for the same crime but was not charged[.]" (ECF No. 145 at 6). As Defendant concedes, selective prosecution is a matter for the Court to decide, not the jury, *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995), and in this case, the Court has already decided this issue in the Government's favor, (ECF No. 193). For these reasons, the Government's Motion is granted on this issue.

Defendant also argues that he should be allowed to argue that someone else committed the crime he is being charged with. This type of evidence is often called the "alternative perpetrator" evidence. "Typically, a defendant may present evidence of third-party guilt." *United States v. McAnalley*, 535 F. App'x 809, 811 (11th Cir. 2013) (citing *Holmes v. South Carolina*, 547 U.S. 319, 330–31 (2006)). That being said, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Id.* (quoting *Taylor v. Illinois*, 484 U.S. 400.410 (1988)). Defendant has failed to identify a particular individual as the actual perpetrator of the crimes he is charged with, or show a "connection between the other perpetrators and the crime"—mere speculation does not suffice.

*See DiBenedetto v. Hall*, 272 F.3d 1, 8 (1st Cir 2001); *United States v McVeigh*, 153 F.3d 1166, 1189 (10th Cir. 1998) ("It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice."). Absent such a showing, this type of evidence is not allowed.

### III. Criminal Penalties and Alternative Charges

The Government further seeks to preclude Defendant from raising the question of punishment, including introducing evidence or raising arguments about the potential criminal penalties he would face, if convicted. The Government contends Defendant should be precluded from arguing this because penalties are not probative of guilt or innocence and penalty evidence may inappropriately encourage jury nullification. The Government also argues that Defendant should be precluded from arguing that the Government should have charged him with a less-serious offense because 8 U.S.C. § 1324a(a)(1)(A) is not a lesser-included offense of the offense with which Defendant was charged, i.e., conspiracy to harbor aliens and induce them to remain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Defendant does not contest that he is not allowed to raise arguments regarding the penalties for the charged crimes, but he argues that he can propose an instruction that the jury may find him guilty of Section 1324a(a)(1)(A) because it is a lesser-included offense of the conspiracy charge.

Under Federal Rule of Criminal Procedure 31(c)(1), a defendant may be found guilty of "an offense necessarily included in the offense charged[.]" Fed. R. Crim. P. 31(c)(1). In *Schmuck v. United States*, 489 U.S. 705, 716 (1989), the Supreme Court held that this provision means "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." Conversely, "[w]here the lesser offense requires an

element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.*; *see also Carter v. United States*, 530 U.S. 255, 260 (2000). In short, a lesser-included offense exists where proof of the greater offense necessarily includes proof of the lesser offense. *See Schmuck*, 489 U.S. at 716.

With this in mind, the Court finds that the relevant criminal statutes do not support Defendant's position. Section 1324(a)(1)(A)(v)(I) imposes criminal liability for conspiring to harbor aliens and inducing them to remain, whereas Section 1324a(a)(1)(A) imposes criminal liability for hiring, recruiting, or referring for a fee an alien for employment. Because the Government can prove conspiracy to harbor aliens and induce them to remain without proving that Defendant hired, recruited, or referred for a fee an alien for employment, Section 1324a(a)(1)(A) requires proof of an element not required for Section 1324(a)(1)(A)(v)(I). Therefore, while Defendant can present evidence that he lacked the requisite *mens rea* to be found guilty of the charged offense, he cannot argue that he should have been charged with a misdemeanor instead of a felony, or that he is only guilty of the misdemeanor in Section 1324a. Accordingly, the Government's Motion is granted on this issue and Defendant is precluded from introducing evidence or argument regarding the potential penalties he faces upon conviction, including (a) alternative offenses with which he could have been charged, (b) the maximum penalties associated with the charged offenses; (c) that, if convicted, Chugay could be sentenced to prison; and (d) that the charged conduct does not warrant a felony conviction.

### IV. Statutory Interpretation

Finally, the Government asks the Court to preclude Defendant from arguing that employing aliens cannot constitute harboring under the charged statute. As the Government points out, statutory interpretation is a question of law for the Court to decide. *See Williams v. Homestake*

*Mortg. Co.*, 968 F.3d 1137, 1139 (11th Cir. 1992) (quoting *Young v. Comm'r*, 926 F.2d 1083, 1089 (11th Cir. 1991)); *United States v. Duncan*, 356 F. App'x 250, 253 (11th Cir. 2009) (citing *United States v. Gaudin*, 515 U.S. 506, (1995) ("[T]he determination of pure questions of law in criminal cases are not the province of the jury."). And the Court has already decided this issue. Indeed, the Court rejected Defendant's argument that employment did not constitute harboring in its Order denying Defendant's Motion to Dismiss. (ECF No. 193). The Government's Motion is therefore granted, and Defendant is not permitted to argue to the jury or introduce any evidence intended to prove that employment of aliens cannot constitute harboring under the charged offense.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Government's Motion in Limine, (ECF No. 142), is **GRANTED**. If appropriate, the parties may raise these evidentiary issues at trial—in a sidebar conference or outside the presence of the jury—if they believe the opposing party has opened the door to this evidence. The Court **ADVISES** counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's Order **SHALL** result in appropriate sanctions.

DONE AND ORDERED in Chambers at Miami, Florida this 1st day of June, 2022.

                                              JOSE E. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record