UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 21-10008-CR-MARTINEZ

UNITED STATES OF AMERICA

    Plaintiff,
vs.

MYKHAYLO CHUGAY,

    Defendant.
_____/

## ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** comes before the Court upon the Government's Motion to Pre-Admit Business Records and Other Evidence ("Government's Motion"), (ECF No. 147), and Chugay's Motion to Exclude Prosecution's Trial Exhibits Falling Under Hearsay Prohibition: Emails, WhatsApp, Telegram Messaging and Files Generated by Hacking Software Cellebrite ("Chugay's Motion"), (ECF No. 166).  The Court held a hearing on the matter on June 1, 2022.[1]  After careful consideration of the Motions, the documents attached therein, the parties' oral arguments, and the pertinent portions of the record, the Court **GRANTS in part** the Government's Motion and **DENIES** Chugay's Motion.

The Government moves to introduce into evidence four category of documents: (1) bank records; (2) Google and Yahoo records; (3) miscellaneous records; and (4) incoming and outgoing audios and text messages from Defendant.  The Government seeks to admit the first three categories of documents under the business records exception of the hearsay rule.  *See* Fed. R.

---

[1] At the hearing, the Court heard argument on the Government's Motion, but the issues raised in Defendant's Motion are the same as those raised by the Government in its motion.

1

Evid. 803(6). As to the fourth category, the Government contends that the text messages and audio recordings are non-hearsay statements pursuant to Federal Rule of Evidence 801(d)(2)(A), 801(d)(2)(E), and as statements offered not for the truth of the matter asserted.[2]

The Court begins with the first category. The Government seeks to admit approximately 400 exhibits it contends fall under the business records exception to the hearsay rule. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is not admissible unless an exception applies. The applicable exception in this case is the business records exception. Fed. R. Eivd. 803(6). This exception has four requirements: the record must be "[1] made at or near the time [2] by, or from information transmitted by, a person with knowledge, [3] kept in the regularly conducted business activity and [4] it was the regular practice of that business activity to make the [record] shown by the testimony of a custodian . . . or by certification." *Id.* Additionally, the record could be self-authenticating if the record is admissible under Rule 803(6) and it is accompanied by a written declaration by its custodian. Fed. R. Evid. 902(11).

The Court agrees that these documents are business records because they are kept in the regular course of business and all other requirements are satisfied, but is hesitant to admit them as self-authenticated. The Government argues that these documents are self-authenticating, and it has obtained custodian certifications from each custodian.[3] At the hearing, however, it was

---

[2] While the Government did not make this argument in its Motion, at the hearing, the Government clarified that statements not made either by Defendant or his co-conspirators were being offered for context only, and not for the truth of the matter asserted.

[3] The Government has provided the Court with the bates labels of these certifications, but not the actual certifications. (*See* ECF No 133).

revealed that there is no mechanism for Defendant to link the certifications to the documents each certification purports to certify. Accordingly, while the documents appear to be admissible under the business records exception, the Court will deny the Government's Motion without prejudice on this issue. Unless the Government can identify to Defendant the specific documents each certification relates to, it should be prepared to present a live custodian to testify at trial. Each custodian's testimony is limited to 25 minutes total. The Government shall have 15 minutes for direct examination and the defense will have 10 minutes for cross examination.

In the second category of documents, the Government seeks to admit Google and Yahoo records. The Government argues that these documents are admissible under the business records exception to the hearsay rule. It further contends that the statements made in the emails and the documents attached are either not hearsay because they are party admissions under Federal Rule of Evidence 801(d)(2)(A) or co-conspirator statements under Rule 801(d)(2)(E); or they are photographs that are not being offered for the truth of the matter asserted, but merely to show that Defendant had these photos in his possession. The Court overruled Defendant's objections in open court. Therefore, the Court finds that the records are admissible.

The third category of documents is also being offered under the business records exception. This category includes the following documents related to Defendant and the labor staffing companies he and his co-conspirators allegedly operated: Florida workers' compensation insurance application, incorporation documents, IRS Forms, labor staffing contracts, invoices, and copies of tax returns and supporting materials. Defendant stipulates to the admission of the incorporation documents (Exs. 250–280). (*See* ECF No. 159 at 4). The Government represents on the record that it has obtained custodian certifications for the entities that kept these records. (*See* ECF No. 133). Subject to providing these certifications, the documents are admissible under

3

the business records exception to the hearsay rule.

Finally, the Government seeks to admit text messages and voice recordings Chugay sent and received. As to the messages Chugay sent, they are admissible as party admissions under Federal Rule of Evidence 801(d)(2)(A); *see also United States v. Williams*, 760 F. App'x 959, 964–65 (11th Cir. 2019). Similarly, the text messages and recordings sent to Chugay by his co-conspirators are admissible as non-hearsay statements under Federal Rule of Evidence 801(d)(2)(E).

As to the statements made in the incoming messages sent to Chugay's phone, the Government argues that they are not being offered for the truth of the matter asserted. "Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay." *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (citing *United States v. Cruz*, 805 F.2d 1464, 1478 (11th Cir. 1989)). "Such verbal acts are not in the first instance assertive statements and not offered to prove the truth of the matter asserted." *Id.* "[O]ut-of-court declarations that are 'more in the nature of an order or a request' and that, 'to a large degree, [are] not even capable of being true or false' are also not hearsay." *Id.* Moreover, statements that provide context to Defendant's statements are admissible as they are not offered to prove the truth of the matter asserted. *Id.* at 1092–93. The messages exchanged with hotel and restaurant managers then, are admissible to provide context to Defendant's admissions.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Government's Motion, (ECF No. 147), is **GRANTED in part** as stated herein, and Defendant's Motion, (ECF No. 166), is **DENIED**. If appropriate, the parties may raise these evidentiary issues at trial—in a sidebar conference or outside the presence of the jury—if they believe the opposing party has opened the door to this

4

evidence. The Court **ADVISES** counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's Order **SHALL** result in appropriate sanctions.

      DONE AND ORDERED in Chambers at Miami, Florida this 2nd day of June, 2022.

                                              _____
                                              JOSE E. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record