UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 21-10008-CR-MARTINEZ-SNOW

UNITED STATES OF AMERICA

    Plaintiff,
vs.

MYKHAYLO CHUGAY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Notice on Appellate Petition Docket Number 22-90011 Under F.R.A.P. 5.  (ECF No. 236).  On June 3, 2022, Defendant notified the Court that he filed a petition with the Eleventh Circuit to appeal, and that his appeal has been assigned appellate Case No. 22-90011.  (*Id.*).  He also reiterates his position that trial should be stayed pending the Eleventh Circuit's disposition of the appeal.

To be immediately appealable, a judgment or order must be "final."  *See* 28 U.S.C. 1291; *see also Flanagan v. United States*, 465 U.S. 259, 263 (1984).  In criminal cases, the "final" order is the judgment of sentence.  *Flanagan*, 465 U.S. at 263; *see also United States v. Curry*, 760 F.2d 1079, 1079-80 (11th Cir. 1985) ("In a criminal case the final judgment means the sentence." (citing *Berman v. United States*, 302 U.S. 211, 212-13, 58 S. Ct. 164, 82 L. Ed. 204 (1937)).  "Subject to few exceptions that are inapplicable here, court orders denying motions to dismiss are not 'final' orders allowing for an interlocutory appeal.  *United States v. Harpo-Brown*, No. 1:21-cr-2, 2022 U.S. Dist. LEXIS 21454, at *7–8 (S.D. Ga. Feb. 7, 2022).

Generally, when a notice of appeal is filed, the district court is divested of jurisdiction. But the filing of a notice of appeal of a non-appealable, interlocutory order does not divest the district court of jurisdiction. *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), *superseded by statute on other grounds as recognized by United States v. Martinez*, 763 F.2d 1297, 1308 & n.11 (11th Cir. 1985)) (holding that filing a notice of appeal from a non-appealable order does not divest the district court of jurisdiction). Because Defendant is appealing the Court's Order denying his first motion to dismiss, (*see* ECF 216), which is a non-appealable, interlocutory order, the Court can proceed to trial with this matter.

Moreover, if an appeal is "declared frivolous, 'the district court may carry on with the case." *Inetianbor v. Cashcall, Inc.*, No. 13-60066, 2016 U.S. Dist. LEXIS 205159, at *5 (S.D. Fla. Sept. 30, 2016) (citing *Licea v. Curacao Drydock Co.*, 870 F. Supp. 2d 1360, 1366 (S.D. Fla. 2012)); *see United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980). In determining whether an action is frivolous, courts may consider whether the action is found:

> (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contradicted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation; or (d) as asserting material factual statements that are false.

*Id.* (internal quotations and citations omitted).

This case presents an interesting procedural posture. Defendant filed a notice of appeal before the Court decided the issue being appealed, *i.e.*, whether 28 U.S.C. § 1324(a)(1)(A)(iv) is unconstitutionally overbroad as held by the Ninth Circuit in *United States v. Hansen*, 25 F.4th 1103 (9th Cir. 2022). Thus, not only is Defendant appealing a non-final order, but he is also asking

the Eleventh Circuit to decide an issue not previously raised before the district court.[1]  Moreover, given Defendants' previous procedural activities throughout the history of this case, and in particular, his latest attempts to continue the trial, "it is apparent that this appeal has been undertaken primarily to delay or prolong the resolution of the litigation." *Inetianbor*, 2016 U.S. Dist. LEXIS 205159, at *8 (internal quotations and citations omitted).  For these reasons, Defendant's appeal is frivolous, and a stay is, once again, denied. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

**ORDERED AND ADJUDGED** that Defendant's request for a stay contained within his Notice, (ECF No. 236), is **DENIED**.  This case shall proceed to trial as scheduled.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of June, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

---

[1] Defendant's second motion to dismiss was filed at the same time as the motion for permission to appeal and the Court had not yet ruled on this second motion to dismiss when the appeal was commenced.  Rather than appealing the Court's decision of his second motion to dismiss, Defendant appeals the Court's decision of his first motion to dismiss—which did not decide the overbreadth issue raised on appeal—and the Renewed Motion to Dismiss Count One of the Superseding Indictment.  (*See* ECF No. 216 at 1).